IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH ROSE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 20cv00334-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RESPONSE IN OPPOSITION TO PETITIONER'S 2255 MOTION**

Comes now the United States, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Jennifer Hudson, Assistant United States Attorney, and responds to Petitioner's Motion for Relief Pursuant to 2255. Doc. 1[1]. Petitioner raises three claims: first, 924(c) is a lesser included offense of 2113(a) and (d); second, that counsel was ineffective for failing to raise claim one before the trial court; third, that 2113(a) is not a crime of violence. R. 1, p. 5, 6, 7. In opposition thereto, the Respondent states the following facts and law in support of its position.

**FACTUAL BACKGROUND**

On December 14, 2018 at the Midland States Bank, Kenneth W. Rose committed the crime of armed bank robbery. R. 27, p. 3. In furtherance of the crime of armed bank robbery, Rose pulled a black semi-automatic handgun, raised and fully extended his

---

[1] References to documents in the Record are designated herein as "R." followed by the appropriate number for the document (i.e. R. 1). Documents filed in this civil case are cited with "Doc." Followed by the appropriate numbers for the document (i.e. Doc. 1).

arm, brandishing the semi-automatic handgun at the tellers inside of the bank. *Id.* Rose used the semi-automatic handgun to intimidate and cause the tellers to cooperate with his plan to rob the Midland States Bank. *Id.* Rose obtained in excess of $1200 in United States currency from the armed robbery. *Id.*

On January 9, 2019, a grand jury in the Southern District of Illinois returned a two-count indictment against Kenneth W. Rose. R. 1. Count 1 of the indictment charged the Rose with Armed Bank Robbery, in violation of 18 U.S.C. § 2113(d). *Id.* Count 2 charged Rose with brandish, carry and use a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Id.*

On March 28, 2019, absent a plea agreement, Rose pleaded guilty as charged. R.24. Rose entered into a stipulation of facts with the government wherein he admitted that he robbed Midland States Bank in Farina, Illinois, on December 14, 2018. R. 25. During the robbery, Rose brandished a handgun towards the bank tellers and demanded money. *Id*. One bank teller was fearful causing her to provide $1,258 in cash to Rose. *Id*. At the time of the robbery, the bank's deposits were insured by the Federal Deposit Insurance Corporation. *Id.*

On July 11, 2019, Petitioner Rose was sentenced to a cumulative sentence of 120 months consisting of 36 months as to Count 1 and 84 months as to Count 2, the counts to be served consecutively. R. 32, p. 2.

Petitioner Rose did not appeal his conviction. R. *generally*. However, on April 7, 2020, Petitioner Rose filed the above captioned case. Doc. 1. Within, Petitioner Rose asserted three claims for relief. *Id.* First, Petitioner Rose alleges that 18 U.S.C.

§924(c)(1)(A)(ii), brandishing a firearm in furtherance of a crime of violence, is a lesser included offense of 18 U.S.C. § 2113(a) and (d), armed bank robbery. Doc. 1, p. 5. Second, Petitioner Rose argues that trial counsel was ineffective because he failed to raise multiplicity as a defense to the indictment. *Id*. at p. 6. Third, 18 U.S.C. § 2113(a), bank robbery, is not categorically a crime of violence, thus, this crime cannot support a conviction of 18 U.S.C. §924(c)(1)(A). *Id*. at p. 7.

On September 3, 2020, this Court ordered the United States to file a response. Doc. 2.

**APPLICABLE LAW CONCERNING ISSUES FOR REVIEW**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner may challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298 (1974). Section 2555 provides that a federal prisoner claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a).

"Relief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.' " *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States*, 723 F.3d 870, 878-79 (7th

Cir. 2013); *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir.1996). If "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[,]" the court need not hold an evidentiary hearing. 28 U.S.C. § 2255(b); *Sandoval v. United States*, 574 F.3d 847 (7th Cir. 2009) ("The court should grant an evidentiary hearing on a § 2255 motion when the petitioner 'alleges facts that, if proven, would entitle him to relief.'

To prevail, petitioner must show that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the deficient performance caused him prejudice. *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984). This first inquiry is "highly deferential" to counsel. *Id.* at 689. Courts presume counsel made reasonable strategic judgments, and "there is a strong presumption that any decisions by counsel fall within the wide range of reasonable trial strategies." *Valenzuela v. United States,* 261 F.3d 694,698-99 (7th Cir. 2001) (quoting *United States v. Lindsay,* 157 F.3d 532, 535 (7th Cir. 1998)).

The second inquiry requires the petitioner to establish counsel's deficient performance caused petitioner prejudice. *Strickland,* 466 U.S. at 692. In short, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id; Allen v. United States*, 175 F.3d 560, 563 (7th Cir. 1999).

A § 2255 motion "can *not* raise (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been

but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir.1994). Section 2255 is "neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir.1995). Thus: [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* from the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice [or actual innocence]. *Prewitt*, 83 F.3d at 816 (emphasis in original).

    The federal bank robbery statute, 18 U.S.C. § 2113, provides in pertinent part:

"(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association. . .
"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

18 U.S.C. § 2113(a) and (d).

    Title 18 U.S.C. Section 924(c)(1)(A) states,

"Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in

>addition to the punishment provided for such crime of violence or drug trafficking crime--
>>(i) be sentenced to a term of imprisonment of not less than 5 years;
>>(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>>(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years."

Bank robbery is a crime of violence. *United States v. Williams*, 864 F.3d 826, 827 (7th Cir. 2017).

*Missouri v. Hunter*, 459 U.S. 359 (1983) examined statutes similar to 18 U.S.C. Section 924(c)(1)(A) and asked what impact Double Jeopardy had where two statutory provisions proscribe the 'same offense' and clear legislative intent exists authorizing cumulative punishments. *Hunter*, 459 U.S. at 366-67. The Court found, "simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

### ARGUMENT

**Petitioner procedurally defaulted his claim that brandishing a firearm in furtherance of a crime of violence, is a lesser included offense of armed bank robbery.**

Section 2255 is "neither a recapitulation of nor a substitute for a direct appeal." *Olmstead*, 55 F.3d at 319; *Sandoval*, 574 F.3d at 850. Thus: [a]n issue not raised on direct appeal is barred from collateral review absent a showing of both good *cause* from the failure to raise the claims on direct appeal and actual *prejudice* from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental

miscarriage of justice. *Prewitt*, 83 F.3d at 816 (emphasis in original). *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017); *Cross v. United States*, 892 F.3d 288, 294-95 (7th Cir. 2018).

Brandishing a firearm in furtherance of a crime of violence is not a lesser included offense of armed bank robbery. Rather, Congress specifically authorized these two statutes to cumulative punishments. *Missouri v. Hunter*, 459 U.S. 359 (1983) examined statutes similar to 18 U.S.C. Section 924(c)(1)(A) and asked what impact Double Jeopardy had where two statutory provisions proscribe the 'same offense' and clear legislative intent exists authorizing cumulative punishments. *Hunter*, 459 U.S. at 366-67. The Court found, "simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The rule of statutory construction noted in *Whalen* is not a constitutional rule requiring courts to negate clearly expressed legislative intent." *Hunter*, 459 U.S. at 368; *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Where the legislature specifically authorizes cumulative punishment under two statutes, prosecutors may seek and courts may impose cumulative punishment. *Id.* at 368-369. Specific to brandishing a firearm, Title 18 U.S.C. Section 924(c)(1)(A) is not merely a sentencing enhancement, but rather a separate and distinct offense. *Castillo v. United States*, 530 U.S. 120, 124 (2000); See S.Rep. No. 98-225, pp. 312-314 (1984) *Busic v. United States,* 446 U.S. 398, 404, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *Simpson v. United States,* 435 U.S. 6, 10, 98 S.Ct. 909, 55 L.Ed.2d

70 (1978). Indeed, the Supreme Court held that Congress intended to specifically delineate firearm types within Title 18 U.S.C. § 924(c)(1). These "types" constitute an element of separate, aggravated crime. *Castillo*, 530 U.S. at 131.

The language of Title 18 U.S.C. § 924(c)(1) makes Congressional intent clear. "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law. . ." 18 U.S.C. § 924(c)(1). This section begins by instructing prosecutors to search for the "greater minimum sentence." *Id.* The next phrase, "any person who, during and in relation to any crime of violence or drug trafficking crime," defines those proscribed by this section. *Id.* They include persons who commit any crime of violence and persons who commit drug trafficking crimes. *Id.* Congress expressly included "a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." *Id.* Where the legislature specifically authorizes cumulative punishment under two statutes, prosecutors may seek and courts may impose cumulative punishment. *Hunter*, 459 U.S. at 368-369. Congress expressly drafted Section 924(c) to permit charging this statute even when other statutory enhancements exist. Therefore, no multiplicity violation exists. See *United States v. Beckworth*, 1987WL8630, *1 (NDIL 1987); *United States v. Blocker*, 802 F.2d 1102, 1104–05 (9th Cir. 1986); *United States v. Gonzalez*, 800 F.2d 895, 897–98 (9th Cir. 1986); *United States v. Doffin*, 791 F.2d 118, 120–21 (8th Cir. 1986), *cert. denied*, –– U.S. ––, 107 S.Ct. 210 (1986); *United States v. Fazzini*, No. 86 CR 001, slip op. at 2–3 (N.D. Ill. August 18, 1986) (Williams, J.).

Looking back to Petitioner Rose's burdens, Petitioner Rose must demonstrate both good *cause* and actual *prejudice* from the failure to raise those claims, or a fundamental miscarriage of justice. *Prewitt*, 83 F.3d at 816.  Here, armed bank robbery and brandishing a firearm in furtherance of a crime of violence are controlled by *Missouri v. Hunter*, 459 U.S. 359 (1983).  Trial counsel did not raise this claim because it is foreclosed by *Missouri v. Hunter*.  This issue has been settled for thirty seven years.  As such, Petitioner Rose cannot demonstrate good cause, any prejudice, nor may he suggest actual innocence or a fundamental miscarriage of justice. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016); *Boyer v. United States,* 55 F.3d 296, 298 (7th Cir.1995) (One factor demonstrating actual innocence or a fundamental miscarriage of justice is the obvious case where a Supreme Court decision explicitly overrules prior precedent.).

Thus, Petitioner Rose cannot prevail and his claim should be denied.

**<u>Counsel cannot violate the Strickland standard for following Supreme Court precedent.</u>**

Petitioner Rose, next, seeks redress because his trial counsel failed to raise multiplicity before the trial and appellate courts.   To prevail, Petitioner Rose must show that: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the deficient performance caused him prejudice. *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984).  Petitioner Rose cannot succeed.

Petitioners convictions are controlled by *Missouri v. Hunter*, 459 U.S. 359 (1983). Petitioner Rose's claim, multiplicity, was foreclosed by the *Hunter* opinion.  Logically, trial counsel did not raise a foreclosed claim. "[A]ttorneys have a duty not to present

frivolous arguments." *Lavin v. Rednour,* 641 F.3d 830, 833 (7th Cir.2011) (citing Fed. R.App. P. 38). In other words, counsel has an affirmative duty not to advance Petitioner Rose's arguments.

Because of the *Hunter* opinion, Petitioner Rose cannot establish attorney's performance fell below an objective standard of reasonableness. *McCoy*, 815 F.3d at 295; *Boyer,* 55 F.3d at 298. Courts presume counsel made reasonable strategic judgments, and "there is a strong presumption that any decisions by counsel fall within the wide range of reasonable trial strategies." *Valenzuela v. United States,* 261 F.3d 694,698-99 (7th Cir. 2001) (quoting *United States v. Lindsay,* 157 F.3d 532, 535 (7th Cir. 1998)).

Thus, Petitioner Rose cannot establish cannot demonstrate counsel was ineffective.

**Bank robbery is a crime of violence.**

Finally, Petitioner Rose raises a claim that [armed] bank robbery is not a crime of violence.  Doc. 1, p. 7.  Again, Petitioner Rose's claim lacks merit.  Seventh Circuit case law stands squarely against Petitioner Rose's position.

Claims may not be raised for the first time in a § 2255 motion if they may have been raised previously. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir.2009). To proceed, these defaulted claims require a showing of both cause and prejudice for the default. *Hale v. United States,* 710 F.3d 711, 713 (7th Cir.2013); *Gant v. United States,* 627 F.3d 677, 683 (7th Cir.2010). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is "actually innocent" of the crimes of which he was convicted. *Torzala v. United States,* 545 F.3d 517, 522 (7th Cir.2008).

Petitioner Rose avers that bank robbery is not a crime of violence capable of supporting a conviction for brandishing a firearm in furtherance of a crime of violence. However, Seventh Circuit case law holds the opposite. Bank robbery is a crime of violence. *United States v. Williams*, 864 F.3d 826, 827 (7th Cir. 2017). Bank robbery is a crime of violence under the elements clause because "intimidation means threatened force capable of causing bodily harm and therefore constitutes threatened '*violent* force' under § 924(c)(3)(A)." *United States v. Carpenter*, No. 13 CR 930, 2016 WL 878631, at *2 (N.D. Ill. Mar. 8, 2016) (citation omitted) (emphasis in original); see also *id.*, citing *United States v. Gordon*, 642 F.3d 596, 598 (7th Cir. 2011). Thus, Petitioner Rose may not establish cause, prejudice, or actual innocence.

Thus, every claim Petitioner Rose advances should be denied and Petitioner Rose's conviction and sentence affirmed.

WHEREFORE, the United States respectfully requests that this Court deny Petitioner Rose's requested relief.

Respectfully submitted,

STEVEN WEINHOEFT
United States Attorney

*/s/ Jennifer Hudson*
JENNIFER HUDSON
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL 62208-1344
Phone: (618) 628-3700
Fax: (618) 622-3810
E-mail: jennifer.hudson2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH ROSE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil No. 20cv00334 |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### Certificate of Service

I hereby certify that on September 29, 2020, I caused to be electronically filed Response in Opposition to Petitioner's 2255 Motion with the Clerk of the Court using the CM/ECF system which will send notification of filing to all entered in this case. Additionally, notice has been sent by United States mail to:

Kenneth Rose
FCI Pekin
P.O. Box 5000
Pekin IL 61555

Respectfully submitted,

13 | P a g e

STEVEN D. WEINHOEFT
United States Attorney

*/s/ Jennifer Hudson*
JENNIFER HUDSON
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL 62208-1344
jennifer.hudson2@usdoj.gov