IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH ROSE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-CV-334-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Petitioner Kenneth Rose's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Petition is **DENIED**.[1]

## Factual and Procedural Background

On January 9, 2019, Petitioner Kenneth Rose was charged in a two-count indictment with armed bank robbery, in violation of 18 U.S.C. § 2113(d), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *United States of America v. Kenneth Rose,* Case No. 19-cr-30004-SMY (S.D. Ill. Jan. 9, 2019, Doc. 15). He pleaded guilty on March 28, 2019. *United States of America v. Kenneth Rose,* Case No. 19-cr-30004-SMY (S.D. Ill. Mar. 28, 2019, Doc. 24). In conjunction with his guilty plea, Rose signed a Stipulation of Facts that provided, in relevant part:

---

[1] Based on its review of the filings, this Court concludes that the issues in this case can be resolved on the existing record; an evidentiary hearing is not necessary. *Cooper v. United States,* 378 F.3d 638, 641-642 (7th Cir. 2004).

1. On December 14, 2018 at 2:27 pm, the Defendant, Kenneth W. Rose entered the Midland States Bank in Farina, Illinois within the Southern District of Illinois.

2. Kenneth W. Rose wore a black leather jacket, yellow or tan colored gloves, a black helmet with a full face mask or bandana with a human skull design covering his face. As Rose entered the bank, Rose pulled a black semi-automatic handgun, raised, and fully extended his arm, brandishing the semi-automatic handgun at the tellers inside of the bank.

3. Kenneth W. Rose demanded money from a bank teller. The bank teller told law enforcement that she was afraid. Because of her fear, the bank teller gave Rose the bank's United States' currency.

4. On December 14, 2018 Midland States Bank was insured by the Federal Deposit Insurance Corporation. Midland States Bank lost $1258.00.

5. On December 14, 2018 at the Midland States Bank, Kenneth W. Rose committed the crime of armed bank robbery.

6. In furtherance of the crime of armed bank robbery, Rose pulled a black semiautomatic handgun, raised and fully extended his arm, brandishing the semi-automatic handgun at the tellers inside of the bank. Rose used the semi-automatic handgun to intimidate and cause the tellers to cooperate with his plan to rob the Midland States Bank.

*United States of America v. Kenneth Rose,* Case No. 19-cr-30004-SMY (S.D. Ill. Mar. 28, 2019, Doc. 25, pp. 1-2).

Rose was ultimately sentenced to 120 months imprisonment, consisting of 36 months on Count I (armed bank robbery) and 84 months on Count II (brandishing a firearm during a crime of violence), to be served consecutively. *United States of America v. Kenneth Rose,* Case No. 19-cr-30004-SMY (S.D. Ill. Jun. 25, 2019, Doc. 29). He did not file a direct appeal.

Rose raises the following claims in the instant Petition: (1) that § 924(c) is a lesser included offense of § 2113(a) and therefore he was improperly charged and convicted for the

same crime twice; (2) his attorney was ineffective for failing to object on that basis; and (3) that § 2113(a) is not a crime of violence (Doc. 1, pp. 4-6).[2]

## Discussion

An action brought under 28 U.S.C. § 2255 is an attempt to collaterally attack a sentence outside of the traditional avenue of appeal. Such relief "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013). In other words, § 2255 cannot be used as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009).

Rose argues that he was punished twice for the same conduct – that "[h[is § 2113(d) and § 924(c) offenses carry virtually the same elements and require identical violations of their respective statutory elements, thus rendering application of those statutes identical without distinction" (Doc. 12, p. 6).

Pursuant to 18 U.S.C. § 924(c)(1)(A), a defendant who "uses or carries" a firearm "during and in relation to any crime of violence" faces a five-year mandatory minimum sentence, to run consecutively to any sentence for the underlying offense. If, during the commission of the crime of violence, "the firearm is brandished," the mandatory minimum sentence increases to seven years. *Id.* A crime constitutes a "crime of violence" if the "offense

---

[2] Rose withdrew the third claim in a subsequent brief in support of his § 2255 motion (Doc. 12, p. 7).

is a felony" and it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3).

> On the other hand, 18 U.S.C. § 2113(d) provides:
>
> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, ... Shall be fined under this title or imprisoned not more than twenty years, or both.
> …
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

Bank robbery under 18 U.S.C. § 2113(d) qualifies as a crime of violence under the elements clause of § 924(c) and can result in convictions under both statutes. *United States v. Armour,* 840 F.3d 904, 909 (7th Cir. 2016) ("robbery by assault by a dangerous weapon or device under § 2113(d) have as an element the use, attempted use, or threatened use of physical force against the person or property of another and thus qualify as [a crime] of violence under § 924(c)").[3]

The two statutes are not duplicative and did not result in Rose being punished twice for the same crime as he contends. Congress has authorized that the two statutes be applied as they were in Rose's case. *United States v. Davis*, 139 S.Ct. 2319, 2323 (2019) (noting that §

---

[3] While the residual clause of 924(c) has been held to be unconstitutionally vague, the elements clause under which Rose was convicted ("has an element the use, attempted use, or threatened use of physical force against the person or property of another") remains intact. *United States v. McHaney*, 1 F.4th 489, 491 (2021) (reiterating that robbery remains a crime of violence under the elements clause of § 924(c) because it entails the use or threat of force).

924 "threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes" and leaving intact the elements clause of the statute to be applied in this manner); *Armour*, 840 F.3d at 909 (affirming separate convictions for brandishing a firearm and for armed robbery).  Thus, even if the two statutes are construed to proscribe the same conduct, it is constitutional and permissible for courts to impose cumulative punishment under both if brought in a single prosecution.  *Missouri v. Hunter*, 459 U.S. 359, 368-369 (1983).

In support of his Petition, Rose cites *United States v. Haynes*, 456 F.Supp.3d 496 (E.D.N.Y. 2020).  However, that case involved the stacking of multiple mandatory consecutive § 924(c) sentences that resulted in a total sentence of 588 months; it is inapplicable here.  Likewise, Rose's reliance on *United States v. Poole*, 96 F. App'x 897, 899 (4th Cir. 2004) is unavailing as it holds that § 2113(a) is a lesser-included offense of § 2113(d), not that § 924(c) is a lesser-included offense of § 2113(d), as Rose asserts.  As such, because Rose was properly charged and convicted under both statutes, his attorney was not ineffective for failing to raise such an objection.  *Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004) (ineffective assistance of counsel claim requires establishing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

## Conclusion

For the foregoing reasons, Rose's Petition is **DENIED**; this action is **DISMISSED with prejudice**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of

appealability.  *Miller-El v. Cockrell,* 537 U.S. 322, 335-336 (2003).  A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right.  *Id.* at 336; *White v. United States*, 745 F.3d 834, 835 (7th Cir. 2014).  Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Rose cannot demonstrate that reasonable jurists would disagree with the Court's analysis and conclusion that his separate convictions and consecutive sentences for brandishing a firearm during a crime of violence and armed bank robbery were proper.  Therefore, the Court declines to certify any issues for appeal.

**IT IS SO ORDERED.**
**DATED:  July 14, 2023**

**STACI M. YANDLE**
**United States District Judge**